**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NATHAN P. GOLDSTEIN, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' BENEFIT FUNDS, | ) )  )  ) C.A. No. |
| Plaintiff, | ) ) |
| v. | ) ) |
| A. F. AMORELLO & SONS, INC., | ) ) |
| Defendant. | ) ) |

**VERIFIED COMPLAINT**

**NATURE OF ACTION**

1.      Plaintiff brings this action pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, to enforce Defendant's obligations to make contributions and pay interest due to Plaintiff Benefit Funds under the terms of a collective bargaining agreement and the benefit plans.

**JURISDICTION**

2.      The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3.      The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4.      The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is a defined contribution fund and provides participants with retirement benefits. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund trains apprentices and journey workers in the construction industry. The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund provides participants with legal services and related benefits. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant A. F. Amorello & Sons, Inc. ("Amorello") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9.      Nathan P. Goldstein is the Executive Director of the Massachusetts Laborers' Benefit Funds, located at 1400 District Avenue, Burlington, Massachusetts, within this judicial district. Among other things, Mr. Goldstein serves as the collection agent for the Funds, and the dues set forth below. In this capacity, Mr. Goldstein has authority and control over collecting fund contributions and is a fiduciary within the meaning of § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10.     Defendant Amorello is a Massachusetts corporation with a principal place of business at 115 Southwest Cutoff, Worcester, MA and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185. Amorello lists Joseph A. Amorello, 123 Southwest Cutoff, Worcester, MA, as it registered agent.

## GENERAL ALLEGATIONS OF FACT

11.     On or about June 1, 1969, Amorello executed an Acceptance of Agreement(s) and Declarations of Trust, in which it agreed to be bound to the terms of a collective bargaining agreement and to any successor agreements. A true and accurate copy of Amorello's signed Acceptance of Agreement and Declaration of Trust ("Acceptance of Agreement") is attached hereto as Exhibit A.

3

12.     Pursuant to the Acceptance of Agreement, Amorello agreed to be bound to the terms of the Building and Site Agreement between the Union and the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. (the "CBA"). A copy of the relevant pages of the 2020-2024 CBA is attached hereto as Exhibit B.

13.     The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed. Id. at 26-37.

14.     The CBA also requires employers to remit contributions to the New England Laborers' Labor-Management Cooperation Trust, the New England Laborers' Health and Safety Fund, the Massachusetts Laborers' Unified Trust, and the Construction Industries of Mass. Advancement Fund (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id.

15.     The Massachusetts Laborers' Benefit Funds collect the contributions owed to the ERISA and non-ERISA Funds and the dues owed to the Union.

16.     Employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of collection. Id.

17.     Signatory contractors such as Amorello are obligated to submit remittance reports each month, on which they list the hours worked by their employees and calculate the

contributions due to the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

18.     During the work months of April, May, June, and July 2022, Amorello failed to remit contributions in a timely manner. Amorello currently owes $2,632.36 in interest on contributions that it paid late.

## COUNT I - VIOLATION OF ERISA

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 above.

20.     Amorello's failure to pay the interest owed to the Funds violates §515 of ERISA, 29 U.S.C. §1145.

21.     Absent an order from this Court, Amorello will continue to ignore its obligations to remit the interest it owes to the Funds.

22.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA

23.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 above.

24.     The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

25.     Amorello's failure to pay the $2,632.36 it owes interest on late-paid contributions violates the terms of the CBA.

**WHEREFORE**, Plaintiff requests this Court grant the following relief:

a.      Enter judgment in favor of the Funds on Counts I and II and against Amorello in the amount of $2,632.36 in interest owed on contributions that were paid late, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action;

b.      Enter a preliminary and permanent injunction enjoining Amorello from refusing or failing to pay the interest owed to the Funds; and

c.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

NATHAN P. GOLDSTEIN, as he is
EXECUTIVE DIRECTOR, MASSACHUSETTS
LABORERS' BENEFIT FUNDS,

By his Attorneys,

/s/ Sasha N. Gillin
Sasha N. Gillin, BBO No. 690769
Sophie C. Esquier, BBO No. 698875
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 258
sgillin@segalroitman.com
sesquier@segalroitman.com

Dated: September 23 , 2022

## VERIFICATION

I, Nathan P. Goldstein, Executive Director for the Massachusetts Laborers' Benefit Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS  22  DAY OF SEPTEMBER 2022.

_____
Nathan P. Goldstein

SNG/sng&ts  6306-22211/complt.doc

6